DANIEL MILLER, Appellant, v. DAVID CHRISMAN, Appellee.

25 269
26a 484

APPEAL FROM ADAMS.

The record of a suit in chancery is admissible, in a different case, to show what the complainant claimed in that proceeding, and to prove the fact of such a claim having been prosecuted by the complainant. But he is not bound by all the statements in the bill, if he has not sworn to them. Such statements are not considered as his admissions.

THIS was an action for ejectment by Miller against Chrisman, for the north-east quarter of section thirteen, and the west half of the south-east quarter of section twelve, township four north, range three west.

Declaration served personally on defendant in possession. Plea, not guilty simply.

Trial by the court. Judgment for defendant.

The plaintiff read in evidence a contract of sale of the south-east quarter of section twelve, and the north-east quarter of section thirteen, township four north, range three west, by Schuyler, Nevins, Couch, Fisher and Lee, to Amos S. Burk, dated October 25, 1848. Said contract provides that, in consideration of one hundred dollars, paid by the vendee to the vendors, part of purchase money, and upon the express condition, being condition precedent, and time being of the essence of contract, that the vendee should perform the covenants therein on his part, and that the vendors, and the survivor or survivors of them, should execute to the vendee a deed for said land. The vendee covenants with the vendors, and the survivor or survivors of them, to pay to the vendors and the survivors of them, $600, as follows: $100 at the execution of contract, the receipt of which is acknowledged; $100 on the first of January, 1854, with interest on the whole amount unpaid, and $100 on the first days of January in each year thereafter, with interest upon the whole sum unpaid at the time of each payment, until the full sum of $600, and interest thereon, is paid—payments to be made at Quincy, Illinois; to pay all taxes after October 1, 1848; and provides, that the contract is upon the express condition, that in case of default of vendee, in performance of all or either of the covenants on his part, the vendors, the survivor or survivors of them, may declare contract void, recover by distress or otherwise all interest accrued upon contract, as liquidated damages, and have possession of the land; may treat all persons in possession as tenants holding over without permission; to recover all damages sustained by such holding over, or for waste committed or suffered to said land.

On the back of said contract is the following assignment:

" For value received, I assign all my right, title and interest in the within bond, and to the lands described therein, to David Chrisman, without any recourse whatever. May 27, 1853." Signed, " Amos S. Burk."

Plaintiff proved that said contract was made at its date, by the parties thereto, and that Burk was present and executed the same. Also, that at date of contract to said Burk, the land in said contract and in declaration mentioned was vacant and unoccupied ; that Burk, upon the execution of contract, took possession of the land, and improved the same under said contract ; also, that said contract had not been complied with, and that the moneys therein agreed to be paid by said Burk, had not been paid ; that the agent of said vendors in the matter of said contract, wrote to said Burk, that said contract would be rescinded and forfeited, and the land be held for sale by the vendors, unless full payment was made thereon by the first day of March thereafter, and the same letter duly mailed at the post office at Quincy, Illinois, directed to said Amos S. Burk, at Macomb, Illinois ; that said Macomb was the post office of said Burk; that said Burk paid no attention thereto, nor made any payment on said contract.

Plaintiff read in evidence transcript of record of a chancery suit, heretofore pending and determined in McDonough Circuit Court, wherein said defendant was complainant, and said plaintiff and said vendors were defendants ; said transcript shows decree of said court, April 17, 1855, giving leave to complainant to file bill of complaint as a substitute for bill lost from the files.

Bill filed same day, alleging and setting forth *in hæc verba,* the aforesaid contract between Schuyler and others and Burk, alleging that Burk took possession of the land under the contract, and improved the same ; that on 27th May, 1853, Burk assigned said contract to said Chrisman ; makes the assignment an exhibit ; that since said assignment said Chrisman had been in possession, and was still in possession, of said land, under said contract and assignment. Said bill alleges that Miller, in 1853, had purchased the same land of said vendors ; charges that the sale and conveyance to Miller was in fraud of Chrisman's rights, and seeks a conveyance from Miller to Chrisman, alleging that the equitable title is in him. The bill is signed by solicitors for Chrisman.

The answer of Miller, denying fraud, setting up forfeiture of the contract between Schuyler and others, and Burk, and his purchase of land after such forfeiture, and conveyance to him. Amended answer of Miller, substantially same as original answer.

Replication of Chrisman, denying answer so far as it contradicts the bill, and all matter in avoidance.

Supplemental bill of Chrisman sets up assignment of contract by Burk to him; asks that Burk be made a party; offers to take answer of Burk as true, and not thereby to delay the suit; and signed David Chrisman, by Walker, his solicitor.

Answer of Burk, admitting Chrisman's bill. Orders of court, showing personal appearance of Chrisman and leave to file supplemental bill, and exceptions of complainant to depositions.

Final decree upon hearing, dismissing complainant's bill, and for costs.

Appeal by Chrisman; appeal bond signed David Chrisman.

Transcript of order of Supreme Court, affirming decree of Circuit Court, duly certified.

And plaintiff proved, that said David Chrisman in said transcript mentioned, is the same person, defendant, in this action. Read in evidence transcript of the proceedings, and final order of the Supreme Court in the matter of said appeal, showing that the decree of the Circuit Court was affirmed.

Plaintiff offered to read in evidence the original deposition of said Amos S. Burk, taken by Chrisman in said chancery suit, on the 26th day of August, 1856, in which deposition Burk states his assignment of the contract to Chrisman; that he (Burk) occupied the land for about a year after he sold to Chrisman, and that Chrisman had occupied the land since that time; states that at the time he (Burk) purchased the land, it was unoccupied.

The defendant objected generally to the reading of said deposition. Court sustained the objection, and plaintiff excepted.

Parties stipulated that the venue in this cause was duly changed from McDonough to Adams county.

The plaintiff offered in evidence the original depositions of Charles A. and A. E. Savage, taken in said chancery suit, on the 12th February, 1856, in which said Charles A. Savage and A. E. Savage state, that nothing was paid on said contract after October 10, 1851; that there was paid on said contract up to said date, $331 only; that nothing was paid afterwards; that between said 10th October, 1851, and March 16, 1853, Burk was two or three times personally notified by vendors' agents, that unless he paid immediately on said contract, it would be declared forfeited; and on the 1st day of February, 1853, said Burk was notified by letter, by them as agents of said vendors, that if he did not pay up, according to said contract, by the 1st of March thereafter, the contract would be forfeited and the land offered for sale; that said letter was transmitted to said Burk in the usual course of business; that, Burk not complying, the land was accordingly sold on the 16th day of March, 1853,

to Miller (the plaintiff,) for the amount then unpaid on said contract, being $533.26.

The defendant objected generally to reading said depositions in evidence. The court sustained the objection, and plaintiff at the time excepted.

This was all the evidence.

The court found issues for the defendant. Motion for a new trial, and same overruled. Judgment for defendant.

The errors assigned are, that the court erred in refusing to admit evidence on the part of plaintiff—depositions offered in evidence ; in refusing new trial ; and in rendering judgment for the defendant.

SKINNER, BENNESON & MARSH, and J. S. BAILEY, for Appellant.

WILLIAMS, GRIMSHAW & WILLIAMS, for Appellee.

CATON, C. J. We think the court erred in excluding the depositions which in fact constituted a part of the record of the chancery suit, offered in evidence for the purpose of proving that Chrisman held possession of the land under Burk. That was a fact which it was no doubt necessary to prove in order to entitle the plaintiff to recover.

We may agree with the counsel for the defendant, that the statements of a bill in chancery not sworn to by the complainant, but merely signed by counsel, are not to be admitted in evidence against him as his admissions, in another proceeding. We know that many of the statements of such a bill are rather the suggestions of counsel than the deliberate statements of the complainant, and to hold him bound by all such statements, as his deliberate admissions of existing facts, would often be productive of the greatest injustice. But it does not follow that the record of a chancery suit may not be shown for any purpose, even in a collateral proceeding. It remains there as an existing fact, and whenever and wherever necessary, it may be adduced to establish that fact. Here Chrisman filed a bill claiming this land as the assignee of Burk. He prosecuted the suit as the record shows, to final decree in the Circuit Court, and that final decree was against him. He appealed the suit to this court, and with his own hand executed the appeal bond, by means of which it was brought here. He appeared in this court by his counsel and prosecuted the appeal, and this court affirmed the decree of the court below. We did not decide that he was not the assignee of Burk, for that was not denied, but we decided that Burk had forfeited all right to the land under the contract, and that con-

Miller *v.* Chrisman.

sequently Chrisman, his assignee, had no right to it. It was not denied that Chrisman did employ the counsel who prosecuted that suit, or that it was prosecuted through every stage of its progress, under his direction. The act of prosecuting it, and for the purposes stated in the bill, was undeniably his act, while he may not be chargeable with all the statements which his counsel put in the bill, or all the words which they may have uttered in court. While this truth, for wise purposes, is recognized and admitted by the law, it must, for equally wise and sufficient reasons, recognize the fact of the prosecution of the suit by him, and the purposes of that prosecution. To say that this whole record together does not show to the satisfaction of every mind that Chrisman claimed to hold and did hold this land under Burk, is an abuse and a perversion of the reasons assigned why a complainant is not bound by the statements of his bill not sworn to, as admissions. That reason is, that he is not presumed to have directed or to know all the statements which his counsel may have seen fit to insert in the bill. But shall we carry this presumption so far as to say that he did not know that the bill was filed, or the purposes for which it was filed? That he did not know his counsel were prosecuting that suit for the purpose of getting a title to the property as the assignee of Burk? Shall we presume, when he signed that appeal bond and prosecuted that appeal in this court, that he did not know the purposes for which the suit was brought and the appeal was prosecuted? By such a claim he stultifies himself, and would stultify the courts of justice. It would carry the rule, beyond the reason of the rule, and make it a means to conceal the truth, rather than to protect a party from possible injustice.

In order to prove the admissibility of this record for the purpose of showing that Chrisman claimed this land and was holding it under Burk, it was not necessary that it should be conclusive of that fact. If it tended to prove it, it was admissible; and that it did so tend, and that too in a legitimate way, we at least have no doubt. Indeed in our judgment if the whole record had been admitted as offered, it would have been abundantly sufficient to establish that fact, and on that proof the court should have found accordingly.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*